AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957 – Money Laundering;
18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

**SEALED BY ORDER OF THE COURT**

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ EDWIN EMMETT LICKISS, JR.

DISTRICT COURT NUMBER
CR 25 0202 JST

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI - SA Krystal Martinelli and IRS-CI SA Dana Enculescu

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  CRAIG H. MISSAKIAN
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  RYAN A. REZAEI

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**FILED**
**JUL 17 2025**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: _____
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

*United States v. EDWIN EMMETT LICKISS, JR.*
*Penalty Sheet Attachment*

COUNT ONE:   18 U.S.C. § 1343 - Wire Fraud

- Maximum imprisonment – 20 years
- Fine - $250,000 or twice the gross gain or loss
- Supervised release term - 3 years
- Restitution and forfeiture
- Special assessment - $100

COUNT TWO:   18 U.S.C. § 1957 – Money Laundering

- Maximum imprisonment - 10 years
- Fine - $250,000 or twice the gross gain or loss
- Supervised release term - 3 years
- Restitution and forfeiture
- Special assessment - $100

FORFEITURE ALLEGATION:  18 U.S.C. § 981(a)(1)(C)) – Forfeiture Allegation

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

CR 25 0202 JST

UNITED STATES OF AMERICA,

V.

EDWIN EMMETT LICKISS, JR.,

FILED

JUL 17 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF THE COURT

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 – Wire Fraud
18 U.S.C. § 1957 – Money Laundering
18 U.S.C. § 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

_____
Foreman

Filed in open court this 17th day of

July, 2025.

_____
Clerk
Cindy C. Fan

Bail, $ Arrest Warrant

Hon. Kandis A. Westmore, U.S. Magistrate Judge

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

**FILED**

JUL 17 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER
OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> EDWIN EMMETT LICKISS, JR., <br> Defendant. | CASE NO. **CR 25 0202 JST** <br><br> VIOLATIONS: <br> 18 U.S.C. § 1343 – Wire Fraud <br> 18 U.S.C. § 1957 – Money Laundering <br> 18 U.S.C. § 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Forfeiture Allegation |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1. Beginning no later than in or about 1998 and continuing through in or about September 2024, in the Northern District of California and elsewhere, the defendant, EDWIN EMMETT LICKISS, JR., knowingly and intentionally defrauded no fewer than 50 victim investors for the purpose of obtaining millions of dollars through false and fraudulent pretenses, representations, and promises. LICKISS falsely represented to victim investors that he would invest their funds in government bonds and other bonds, but instead of investing the funds as promised, LICKISS used the funds on personal expenditures and to pay earlier investors, in the manner of a *Ponzi* scheme. In all, as part of his scheme to defraud, LICKISS obtained not less than $9.5 million from his victim investors.

INDICTMENT                                       1

2. LICKISS was a financial advisor in Danville and Alamo, California. LICKISS owned and operated Foundation Financial Group, a firm that provided investment services to individual investors located in the Northern District of California, Idaho, and elsewhere throughout the United States. LICKISS maintained accounts at various banks in the Northern District of California and was a resident of Danville, California.

3. LICKISS was a registered broker from 1977 until in or about 2014, when the Financial Industry Regulatory Authority suspended his broker's license. Following the suspension of his broker's license, LICKISS sold his firm and purportedly retired from the business of buying and selling securities. As described below, despite the suspension and subsequent loss of his broker's license, LICKISS continued to fraudulently solicit and obtain investments from victim investors continuing at least through in or about September 2024.

COUNT ONE:   (18 U.S.C. § 1343 – Wire Fraud)

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated as if fully set forth here.

5. Beginning no later than in or about 1998 and continuing through in or about September 2024, in the Northern District of California and elsewhere, the defendant,

EDWIN EMMETT LICKISS, JR.,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of and failure to disclose material facts with a duty to disclose.

THE SCHEME AND ARTIFICE TO DEFRAUD

6. The objects of the scheme to defraud were to induce victim investors to invest in and purchase nonexistent bonds and to use victim investors' funds to pay earlier investors, in the manner of a *Ponzi* scheme, and for his own personal use, including cash withdrawals, home renovations, travel, and car, mortgage, and personal credit card payments.

7. As part of and in furtherance of his scheme to defraud, LICKISS falsely represented to victim investors that he had exclusive access to government and other bonds that paid exorbitant rates of

return, including rates exceeding 20%. LICKISS did so knowing full well that no such bonds existed and that he would use victim investor funds to make payments to earlier investors and for his own personal use.

8. In addition to the misrepresentations about the fake government and other bonds, LICKISS used a variety of means and methods in furtherance of his fraud scheme, including the following:

    a. LICKISS described the fake bonds as safe, secure, and tax-free, and falsely claimed they could be redeemed at any time.

    b. LICKISS falsely claimed that he and his family members had invested in the fake bonds and that he would not charge victim investors a fee, because he had done so well financially investing in the bonds himself.

    c. To convince victim investors that he had invested their funds as promised, LICKISS:

        i. Provided victim investors fraudulent promissory notes on his firm's letterhead. The fraudulent notes included the purported terms of the fake bond investments – including the supposed and exorbitant rates of return – and purported to track the victim investors' total investment in the fake bonds.

        ii. Falsely claimed in the fraudulent notes that any unpaid interest and principal would be paid from his estate upon his death, and stamped the notes with a medallion signature guarantee, hoping the stamp would convince victim investors of the notes' legitimacy.

        iii. Occasionally made lulling payments to victim investors, falsely describing the payments as interest that had accrued on the victim investors' nonexistent bonds, when, in fact, LICKISS well knew he made the lulling payments using funds he fraudulently obtained from subsequent victim investors, in the manner of a *Ponzi* scheme.

    d. To avoid making lulling payments in the first instance, LICKISS convinced victim investors to "reinvest" the purported interest that had accrued on their nonexistent

INDICTMENT    3

bond investments. When victim investors nevertheless demanded payment, LICKISS generally offered a variety of excuses for why he could not do so, falsely claiming that there was an illness in the family, the banks had improperly withheld the funds, or that he was under audit.

  e. LICKISS failed to disclose to his victim investors that in 2014 he had been suspended from association with any broker-dealer and that he subsequently lost his license in 2016, despite having a duty to inform his victim investors of these facts.

## EXECUTION OF THE SCHEME

9. On or about April 1, 2022, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant,

**EDWIN EMMETT LICKISS, JR.,**

did knowingly transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, LICKISS, from a location within the Northern District of California, used his cellphone to text RC, who at the time was in Idaho, confirming that he would attempt to send to RC false and fraudulent promissory notes that evening.

All in violation of Title 18, United States Code, Section 1343.

<u>COUNT TWO:</u> (18 U.S.C. § 1957 – Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

10. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as if fully set forth here.

11. On or about May 6, 2024, in the Northern District of California, the defendant,

**EDWIN EMMETT LICKISS, JR.,**

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such funds having been derived from the specified unlawful activity of wire fraud, in violation of 18 U.S.C. § 1343, specifically, LICKISS withdrew $20,000 in cash from his Bank of America checking account.

All in violation of 18 U.S.C. § 1957.

<u>FORFEITURE ALLEGATION:</u>     (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

Upon conviction of the wire fraud offense in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Indictment, the defendant,

**EDWIN EMMETT LICKISS, JR.,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offense involving engaging in a monetary transaction in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957, set forth in Count Two of this Indictment, the defendant,

**EDWIN EMMETT LICKISS, JR.,**

shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//
//
//
//

INDICTMENT                                                5

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: July 17, 2025                                                      A TRUE BILL.

                                                                      FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney


  /S/
RYAN ARASH REZAEI
BENJAMIN J. WOLINSKY
Assistant United States Attorneys

INDICTMENT                                                                                     6