1 | CRAIG H. MISSAKIAN (CABN 125202)
  | United States Attorney
2 |
3 | MARTHA BOERSCH (CABN 126569)
  | Chief, Criminal Division
4 | RYAN ARASH REZAEI (CABN 285133)
  | BENJAMIN J. WOLINSKY (CABN 305410)
5 | Assistant United States Attorneys
6 |     450 Golden Gate Avenue, Box 36055
  |     San Francisco, California 94102-3495
7 |     Telephone: (415) 436-7200
  |     FAX: (415) 436-7234
8 |     ryan.rezaei@usdoj.gov
9 | Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 25-CR-0202 JST |
|---|---|---|
| Plaintiff, | ) | STIPULATION TO EXCLUDE TIME FROM OCTOBER 3, 2025, TO NOVEMBER 21, 2025, AND [PROPOSED] ORDER |
| v. | ) | |
| EDWIN EMMETT LICKISS, JR., | ) | |
| Defendant. | ) | |

It is hereby stipulated by and between counsel for the United States and counsel for the defendant EDWIN EMMETT LICKISS, JR., that time be excluded under the Speedy Trial Act from October 3, 2025, through November 21, 2025.

On August 15, 2025, the Court held a status conference in the above-captioned matter. During the status conference, counsel for the defendant explained to the Court that prior to being indicted, the defendant underwent a mental examination, and the examiner concluded the defendant was not competent to stand trial. The government explained to the Court that it wanted an expert of its own to examine the defendant. The parties agreed that the defendant would submit to a mental examination conducted by the government's own expert. For this reason and based on defense counsel's need for time to effectively

prepare, the Court excluded time under the Speedy Trial Act through October 3, 2025, the date of the next status conference in the above-captioned matter. *See* ECF 14 (order excluding time from August 15, 2025, to October 3, 2025).

The parties are in the process of arranging the defendant's mental examination. However, additional time is needed to complete the examination and so the government's expert can prepare his report. Accordingly, the parties request that the status conference scheduled for October 3, 2025, be vacated and that the Court schedule a status conference for November 21, 2025.

The government and counsel for the defendant agree that time be excluded under the Speedy Trial Act so the defendant can be examined for purposes of assessing his mental competency and also so that defense counsel can continue to prepare, including by reviewing the discovery already produced. For this reason, the parties stipulate and agree that excluding time until November 21, 2025, will allow for the effective preparation of counsel and for the defendant's mental examination. *See* 18 U.S.C. § 3161(h)(1)(A) and (7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding the time from October 3, 2025, through November 21, 2025, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: September 30, 2025

/s/
RYAN ARASH REZAEI
Assistant United States Attorney

DATED: September 30, 2025

/s/
RANDY SUE POLLOCK
Counsel for Defendant

### [PROPOSED] ORDER

Based upon the facts set forth in the stipulation of the parties, and for good cause shown, the Court hereby vacates the status conference currently scheduled for October 3, 2025, and hereby schedules a status conference for November 21, 2025, at 9:30 a.m. Based on the parties' stipulation, the Court finds

1  that failing to exclude the time from October 3, 2025, through November 21, 2025, would unreasonably
2  deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking
3  into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that it is
4  appropriate to exclude time so that the government's expert can examine the defendant for purposes
5  assessing the defendant's mental competency.  18 U.S.C. § 3161(h)(1)(A).  The Court further finds that
6  the ends of justice served by excluding the time from October 3, 2025, to November 21, 2025, from
7  computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a
8  speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time
9  from October 3, 2025, through November 21, 2025, shall be excluded from computation under the Speedy
10 Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

11          IT IS SO ORDERED.

13 DATED:  September 30, 2025_

_____
JON S. TIGAR
United States District Judge